**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELINDA T.,

          Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

Civil Action No. 21-3717 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Melinda T.'s ("Melinda")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision, which denied Melinda's request for disability insurance benefits and supplemental security income. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the Commissioner's decision.

**I.    BACKGROUND**

In this appeal, the Court must answer three questions: (1) whether substantial evidence supports Administrative Law Judge ("ALJ") Jennifer Spector's ("Judge Spector") determination that Melinda does not have an impairment that meets one of the Social Security Administration's

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

(the "Administration") listed impairments; (2) whether substantial evidence supports Judge Spector's determination that Melinda had the residual functional capacity ("RFC") to perform sedentary work with some exceptions; and (3) whether Judge Spector erred in relying on certain hypothetical questions posed to Vocational Expert Donna Nealon ("Nealon")? The Court begins with a brief background of the procedural posture and the decision by Judge Spector.[2]

### A.     Procedural Posture

Melinda filed an application for disability insurance benefits and supplemental security income on December 26, 2018, alleging a disability onset date of June 25, 2017. (*See* AR 201-10.) The Administration denied the request initially. (*Id.* at 129-34.) Thereafter, Melinda requested a hearing (*id.* at 135-36), and Judge Spector held a video hearing on February 14, 2020 (*id.* at 163). Judge Spector issued a written opinion, determining that Melinda was not disabled. (*Id.* at 23-33.) Melinda appealed that decision, and the Administration's Appeals Council denied that request for review. (*Id.* at 12-17.) This appeal followed. (ECF No. 1.) Melinda filed her opening brief on January 3, 2022 (ECF No. 19), and the Commissioner filed an opposition brief on February 17, 2022 (ECF No. 20). Melinda did not file a reply brief.

### B.     Judge Spector's Decision

In her March 10, 2020 opinion, Judge Spector concluded that Melinda was not disabled under the prevailing Administration regulations. (*See generally* AR 23-33.) Judge Spector set forth the five-step process for determining whether an individual is disabled. (*Id.* at 24 (citing 20 C.F.R. §§ 404.1520(a), 416.920(a)).) At step one, Judge Spector found that Melinda had not "engaged in substantial gainful activity" since the alleged disability onset date. (*Id.* at 25 (citing 20 C.F.R.

---

[2] The Administrative Record ("Record" or "AR") is available at ECF No. 15-1 through 15-10. The Court will reference the relevant page numbers in the Record and will not reference corresponding ECF page numbers within those files.

§ 404.1571, 416.971).) At step two, Judge Spector found that Melinda suffered from several severe impairments, including ankylosing spondylitis, tarsal tunnel syndrome, and residual effects of bilateral stress fractures of her feet. (*Id.* at 25 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).) At step three, Judge Spector determined that Melinda did not have "an impairment or combination of impairments" that qualified under the Administration's listed impairments. (*Id.* at 27 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).) Before proceeding to step four, Judge Spector concluded that Melinda had the RFC to "perform sedentary work" (as the Regulations define that term) with some exceptions. (*Id.* at 28 (citing 20 C.F.R. §§ 404.1567(a), 416.967(a)).) At step four, Judge Spector concluded that Melinda "is unable to perform any past relevant work." (*Id.* at 31 (citing 20 C.F.R. §§ 404.1565, 416.965).) Finally, at step five, Judge Spector concluded that "there are jobs that exist in significant numbers in the national economy" that Melinda could perform. (*Id.* at 32 (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)).)

This appeal concerns Judge Spector's analysis at step three, the RFC determination before step four, and the step-five determination. As to step three, Judge Spector considered whether evidence of Melinda's generalized anxiety disorder met the requirements of the so-called "Paragraph B" criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (*Id.*; *see also* 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.04). Regarding the first criterion, Judge Spector concluded that Melinda had no limitation, relying on the psychological evaluation from Dr. Mona Krishan (the "Krishan Report"), which noted that Melinda had an intact memory and the ability to manage her money and medications. (AR 26 (citing AR 421-25).) In addition, Judge Spector noted that neither Melinda's testimony nor later-in-time evaluations revealed issues

3

with memory, comprehension, or cognition. (*Id.* (citing, for example, AR 43-70, 864-84).) Regarding the second criterion, Judge Spector found that Melinda never indicated difficulty interacting with others. (*Id.* (citing AR 43-70, 421-24).) For the third criterion, Judge Spector concluded that Melinda had a mild limitation after crediting Melinda's self-reported anxiety and depression and evaluations showing the same. (*Id.* at 27 (citing AR 864-84).) Finally, regarding the last criterion, Judge Spector found a mild limitation, noting that the Krishan Report showed that Melinda's "issues with self-care related to her physical symptoms." (*Id.*)

Turning to the RFC determination, Judge Spector found that Melinda had the RFC "to perform sedentary work as defined in 20 C.F.R. [§§] 404.1567(a) and 416.967(a)" with some exceptions. (*Id.* at 28.) As to the mental impairments, Judge Spector concluded that Melinda "has no severe mental impairments" and found the opinions of the reviewing agency physicians persuasive. (*Id.* at 31 (citing 74-85, 100-11).) Regarding Melinda's physical impairments, Judge Spector described a "gradual progression of symptoms" from January 2018 through December 2019, with Melinda continuing to "exhibit joint and spinal tenderness, but her strength and range of motion were full and intact throughout." (*Id.* at 29-30.) Judge Spector noted that the medical evidence was "not entirely consistent" with Melinda's allegations of significant limitations. (*Id.* at 30.) Even though reviewing agency physicians found Melinda limited to light work, Judge Spector did not find these opinions persuasive and further limited Melinda to sedentary work. (*Id.*) She credited the evidence that she received from Melinda's rheumatologist (Dr. Susan Lee), imaging and neurological testing indicating musculoskeletal impairments, and Melinda's subjective complaints. (*Id.* at 29-31.)

At the fifth step, Judge Spector determined that jobs exist in significant numbers in the national economy that Melinda could perform. (*Id.* at 32.) Judge Spector reached this conclusion

4

with the help of Vocational Expert Nealon who testified that, considering Melinda's age, education, work experience, and RFC, she could perform jobs such as "addresser," "nut sorter," and "order clerk." (*Id.*) Nealon indicated that she relied on her professional knowledge and experience about Melinda's limitations not addressed by the Dictionary of Occupational Titles, such as the "sit/stand option contained in the residual functional capacity assessment." (*Id.* at 33.)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not 'weigh the evidence or substitute [its own] conclusions for those of the fact-finder.'" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual

finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

      **B.**      **Establishing Eligibility for Disability Insurance Benefits and Supplemental Security Income**

To be eligible for disability insurance benefits and supplemental security income, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Under the statute, claimants are disabled only if their physical or mental impairments are "of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920. For the first step, claimants must establish that they have not engaged in any substantial gainful activity since the onset of their alleged disabilities. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). For the second step, claimants must establish that they suffer from a "severe . . . impairment" or "combination of

impairments." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that claimants provide evidence that their impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If claimants demonstrate that they suffer from a listed impairment or that their severe impairment is equal to a listed impairment, they are presumed to be disabled and entitled to disability benefits. *Id.* If they cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether claimants' RFC permit them to resume previous employment. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If claimants cannot, they are not "disabled" and not entitled to disability benefits. 20 C.F.R. §§ 404.1520(f), 416.920(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that claimants can perform other work consistent with their medical impairments, age, education, past work experience, and RFC. *Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, claimants will receive disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### III. DISCUSSION

Melinda appeals the Administration's Appeals Council's denial of review of Judge Spector's decision. The centerpiece of her appeal is that Judge Spector erred by (1) failing to address the combined effects of Melinda's severe and non-severe conditions during step three,

7

(2) improperly conducting the RFC determination, and (3) posing improper hypotheticals to Nealon at step five. (*See* Pl.'s Br. 7-18, ECF No. 19.)[3] The Court considers each in turn.

### A. Judge Spector Did Not Err at Step Three of the Sequential Evaluation Process.

Melinda alleges that Judge Spector erred in the step-three analysis because she failed to consider Melinda's mental and physical impairments in combination. (*Id.* at 7-8.) ALJs must consider claimants' mental impairments in combination with their physical impairments. *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 152 (3d Cir. 2008). Here, the Court finds substantial evidence that Judge Spector did so. At step three, Judge Spector reviewed the record regarding Melinda's mental and physical impairments and considered these impairments separately and together. (AR 26-31.) She analyzed the medical opinions and their persuasiveness, regarding both mental and physical impairments (AR 31), conducted a thorough analysis of the Paragraph B criteria (AR 26-27), and often credited Melinda's testimony (AR 26, 27, 29, 31). Notably, even though Judge Spector found that Melinda's physical impairments were the primary factor hindering Melinda's ability to engage in self-care, she also attributed anxiety and worry as mental impairments which could be potentially deleterious toward Melinda's condition. (*Id.* at 27; *see also Masi v. Comm'r of Soc. Sec.*, No. 20-658, 2020 WL 6611479, at *7 (D.N.J. Nov. 12, 2020).) This broad-ranging analysis and examination of the record evidence is enough to indicate to the Court that Judge Spector made her decision while considering the mental and physical impairments in combination.

---

[3] The Court notes that Melinda's brief leaves much to be desired regarding clarity. Although the Court has done its best to respond to Melinda's arguments, the Court has no obligation to weigh in on inarticulate arguments. *See Knorr v. Berryhill*, No. 18-152, 2019 WL 2591064, at *6 (M.D. Pa. May 20, 2019) ("[T]he court cannot construct arguments for an appellant, and it will only examine issues specifically and distinctly argued in an appellant's initial brief." (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003))).

8

### B.     Judge Spector Did Not Err When Determining Melinda's RFC.

Melinda next launches a four-pronged broadside against Judge Spector's RFC determination. She argues that Judge Spector failed to address the supportability and consistency factors in 20 C.F.R. § 416.920c, that she failed to incorporate a six-hour sitting limitation into the RFC, that she failed to consider the Krishan Report, and that she failed to consider the non-medical opinion of Melinda's mother. (Pl.'s Br. 7-18.) Each argument falls short.

*First*, Melinda argues that Judge Spector failed to consider the "most important" factors in 20 C.F.R. § 416.920c. (*Id.* at 9-12.) Under that regulation, ALJs consider "supportability," which looks to the relevance and supporting explanations of objective medical evidence, and "consistency," which considers whether other record evidence parrots the at-issue medical opinion. 20 C.F.R. § 416.920c(c)(1)-(2). Although Judge Spector's opinion did not use the magic words "supportability" and "consistency," the Court is satisfied that Judge Spector evaluated these criteria in determining Melinda's RFC. *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *6 (D.N.J. Nov. 16, 2010) ("In determining a claimant's RFC, . . . an ALJ [need not] use any specific 'magic words' or adhere to a particular format in conducting the analysis." (citing *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004))). For example, when evaluating Dr. Susan Lee's RFC assessment, Judge Spector reasoned why she found that assessment "partially persuasive," referencing other medical sources and discussing the assessment's internal consistencies:

> This opinion is partially persuasive. The standing and walking limitations are supported by the medical evidence as a whole, including evidence of bilateral stress fractures in the feet, right tarsal tunnel syndrome causing lower extremity pain, and chronic pain from ankylosing spondylitis. It is also generally consistent with Dr. Lee's findings of lower extremity and spinal tenderness. However, the sitting limitation is not well supported by the evidence. Although the claimant has some lumbar disc disease, there is no indication from examination findings or imaging studies that the claimant

9

> would be so limited as a result, particularly if the opportunity to stand briefly at regular intervals is available.

(AR 31.) Regarding Melinda's mental impairments, Judge Spector cited four different sources explaining why Melinda had no severe mental impairment to incorporate into the RFC. (*See* AR 74-85 (noting that Melinda had anxiety and that there was "no indication that more intensive psychiatric treatment is warranted"); *id.* at 100-11 (noting that Melinda had non-severe mental health diagnoses); *id.* at 421-25 (noting, among other findings, that Melinda had intact memory and the ability to manage her money and medications); *id.* at 864-68 (noting, among other findings, that Melinda had no issues with memory, comprehension, or cognition).) These sources establish that Judge Spector evaluated the supportability and consistency factors and that, in all events, substantial evidence supports Judge Spector's findings. *See Samah v. Comm'r of Soc. Sec.*, No. 17-8592, 2018 WL 6178862, at *5 (D.N.J. Nov. 27, 2018) ("[A]n ALJ need only explain his [or her] evaluation of the medical evidence for the district court to meaningfully review whether his [or her] reasoning accords with the regulation's standards." (citations and internal quotation marks omitted)).

*Second*, Melinda next contends that Judge Spector should have incorporated a six-hour sitting limitation instead of an eight-hour one. (Pl.'s Br. 10-11.) This argument is a non-starter. The RFC plainly envisions a less-than-eight-hour sitting limitation: "[Melinda] can sit up to eight hours per day, *but must be able to shift positions from sitting to standing while continuing to perform work tasks* . . . ." (AR 28 (emphasis added).) As the Commissioner argues, when ALJs provide for an alternating stand/sit option, "[t]hat necessarily implies that, over the course of an 8 hour work day, [Melinda] would be permitted to split sitting and standing as she found comfortable, whether 6:2 hours or some other ratio." *Parente v. Colvin*, No. 15-1950, 2016 WL 1162623, at *6 (D.N.J. Mar. 24, 2016); *see also Barker v. Colvin*, No. 15-574, 2016 WL 4408997,

at *9 (M.D. Pa. July 27, 2016) (reasoning that claimant's argument that RFC failed to incorporate failure to stand or walk for six hours was "meritless" because "the ALJ included a sit/stand option in his assessment").

*Third*, Melinda argues that Judge Spector "completely" failed to evaluate the Krishan Report. (Pl.'s Br. 15-16.) Melinda contends that this error is crucial because the Krishan Report states that her "insight and judgment were fair." (*Id.* at 17 (quoting AR 423).) To start, "where medical records are as voluminous as they are here an ALJ is not required to 'make reference to every relevant treatment note' in the record." *Vanderhoof v. Comm'r of Soc. Sec.*, No. 18-14783, 2020 WL 2744609, at *5 (D.N.J. May 27, 2020) (quoting *Fargnoli*, 247 F.3d at 42). Further, contrary to Melinda's assertions, Judge Spector considered the Krishan Report throughout her opinion. (*See, e.g.*, AR 26 (relying on Krishan Report to show that Melinda had intact memory, ability to manage money, no difficulties interacting with others, and did not become easily annoyed); *id.* at 27 (relying on Krishan Report to show that "most of the claimant's issues with self-care are related to her physical symptoms"); *id.* (noting that Krishan Report showed normal gait and station).) In all events, a single sentence from the Krishan Report is far from enough to defeat the substantial evidence revealing that Melinda had non-severe mental impairments. As the Commissioner pinpoints, several sources support that Melinda had normal insight and judgment. (*See, e.g.*, AR 597 ("Normal insight. Normal judgment"); *id.* at 627 (same); *id.* at 666 (same); *id.* at 677 (same); *id.* at 692 (same); *id.* at 700 (same); *id.* at 707 (same); *id.* at 820 (same); *id.* at 838 (same).)

*Finally*, Melinda contends that Judge Spector got it wrong by failing to consider a report submitted by her mother. (Pl.'s Br. 16-18.) The Court disagrees. As a non-medical source, Judge Spector was "not required to articulate how [she] considered" Melinda's mother's report. 20 C.F.R.

11

§§ 404.1520c(d), 416.920c(d). True, ALJs must consider "all of the evidence relevant to [a claimant's] claim." *Id.* §§ 404.1520b, 416.920b. But also true is that an ALJ's failure to consider relevant evidence constitutes harmless error when consideration of that evidence would not have changed the outcome of the case. *See Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016) (noting that "[o]rdinary harmless error review" applies to administrative appeals—meaning that claimants must explain how the error "could have made any difference" (second quoting *Shinseki v. Sanders*, 556 U.S. 396, 413 (2009))). Here, the Court has reviewed Melinda's mother's report and finds that it would not change the outcome. That's especially so considering that Melinda points to nothing in the report that would change the outcome. Indeed, regarding Melinda's psychological symptoms, for example, the report notes that Melinda handles stress "usually very well" and that she "adapts easily." (AR 253.) No harm arose from Judge Spector's failure to specifically discuss this report.

### C.     Judge Spector Did Not Err at Step Five of the Sequential Evaluation Process.

Finally, Melinda argues that Judge Spector erred by failing to adequately account for Melinda's impairments in the hypothetical questions posed to Nealon. (Pl.'s Br. 11, 16.) Specifically, Melinda claims that error emerged when Judge Spector failed to ask Nealon about the six-hour sitting limitation and the non-severe mental impairments. (*Id.*) Not so. ALJs need only submit hypotheticals to the vocational experts that are based on credibly established limitations. *See Daniel W. v. Kijakazi*, No. 21-27005, 2022 WL 1639009, at *5 (D.N.J. May 24, 2022) (citing *Rutherford*, 399 F.3d at 554). For the reasons already discussed, neither the six-hour sitting limitation nor the non-severe mental impairments were credibly established limitations. *See Rutherford*, 399 F.3d at 554 (detailing that credibly established limitations "are medically supported and otherwise uncontroverted in the record").

## IV. CONCLUSION

Having reviewed the record as a whole, the Court affirms the affirmance of Judge Spector's decision by the Administration's Appeals Council. The Court will issue an order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE